Opinion op the CouRT.
THIS* writ of error is prosecuted to reverse ajudgment rendered upon a verdict which was found against Biggs, in an action on the case brought against him by-Rucker. The cause of action set out in the declaration, consists, substantially, in Biggs’ having voluntarily permitted a certain Amos Kibbey to escape from custody, after having, in his official character of constable, arrested said Kibbey under a summons requiring bail, *176 which issued from a justice of the peace at the suit oí Rucker. Various issues were made up by the parlies; among others, that of the general issue; and the jury found a general verdict in favor of Rucker, for twenty - one dollars and twenty-five cents, without finding, expressly, that Kibbey escaped with the consent, or through the negligence of Biggs; or that he might have been re-taken, and that Biggs neglected to make immediate pursuit.
Now, it is plain, according to the fourth section of the act of this country concerning escapes, that the verdict of the jury was insufficient to authorise the judgment against Biggs; for that section declares, (1 Dig. L. K. 473,) that “no judgment shall be entered against any sheriff or other officer, upon any suit brought upon the escape of any debtor in his or their custody, unless the jury who shall try the issue, shall expressly find that such debtor or prisoner did escape with the consent, or through the negligence of such sheriff, or his officer or officers; or that such prisoner might have been retaken, and that the sheriff and his officers neglected to make immediate pursuit.”
If the escape had been charged upon Biggs in the character of sheriff, instead of constable, the verdict of the jury would have been in opposition to the express letter of the section of the act cited; but if, in consequence of being constable, the case is not within the letter, it is certainly within the reason of the act, and must be controlled by it; especially as the escape is charged to have been suffered by Biggs after the service of process, in a case which would have fallen exclusively within the province of a sheriff, at the passage of the act, and before the jurisdiction of magistrates was increased to fifty dollars.
We admit that it would not have been necessary for the jury to have expressly found the escape, if it had been admitted in the pleas; hut, so far from admitting the escape, Biggs, by the general issue, has traversed every thing material to the cause of action.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and a-venire de novo awarded, and further proceedings there had, not inconsistent with this opinion.